**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Westbrook, | No. CV-23-00624-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Caliber Home Loan Incorporated, et al., | |
| Defendants. | |

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). This case was removed to federal court based on diversity jurisdiction. *See* 28 U.S.C. § 1332. As to the Defendant or Defendants that are trusts (it is unclear who Plaintiff named as a Defendant per the Notice of Removal at footnote 1), the notice of removal states:

> The 2020-1R Trust is a New York common law trust, and the 2018 Trust is a New York common law trust. "A trust has the citizenship of its trustee." *Johnson v. Columbia Props. Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006). US Bank is the Trustee of the 2020-1R Trust. National banking associations are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. For purposes of diversity jurisdiction, a national bank is "located" only in the state where it has its designated main office. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306–07 (2006). US Bank is a national banking association whose Articles of Association designate the location of its main office as Cincinnati, Ohio. US Bank and the 2020-1R Trust are therefore citizens of Ohio.

(Doc. 1 at 4).

Defendants correctly represent the state of the law in the Ninth Circuit in 2006.

1 However, in 2016, the United States Supreme Court decided *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378 (2016), which generally holds that a non-traditional trust (under the laws of the state in which it was created), such as a real estate investment trust, takes on the citizenship of all of its beneficiaries/shareholders.  The Supreme Court further suggested that the case the Ninth Circuit Court of Appeals relied on in *Johnson*, namely *Navarro Savings Assn. v. Lee*, 446 U.S. 458 (1980), is limited to human trustees suing in their own name.  *Id.* at 382-83. ("…*Navarro* reaffirmed a separate rule that when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person. [citation omitted]. This rule coexists with our discussion above that when an artificial entity is sued in its name, it takes the citizenship of each of its members.").

Thus, this Court's preliminary conclusion is that the Colt 2020-1R Mortgage Loan Trust and the Colt 2018-2 Mortgage Loan Trust are the same type of non-traditional trusts as the trust in *Americold*.  Therefore, for purposes of diversity jurisdiction, each trust would take on the citizenship of every beneficiary/investor in that trust and not the citizenship of the non-human Trustee.  Before the Court remands, the Court will permit Defendants to supplement the notice of removal.  In the supplement, Defendants must either explain why *Americold* does not govern this case (which again the Court has already concluded *Americold* likely controls) or identify the citizenship of every beneficiary/shareholder/investor in the Colt 2020-1R Mortgage Loan Trust and the Colt 2018-2 Mortgage Loan Trust.

Based on the foregoing,

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**IT IS ORDERED** that Defendants must supplement the notice of removal within 7 days of this Order and cure the jurisdictional issues identified above, or this case will be remanded to state court.

Dated this 12th day of May, 2023.

James A. Teilborg
Senior United States District Judge

- 3 -