**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Westbrook,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Caliber Home Loan Incorporated, et al.,<br><br>　　　　Defendants. | No. CV-23-00624-PHX-JAT<br><br>**ORDER** |

　　　On May 12, 2023, this Court issued the following Order:

> "Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). This case was removed to federal court based on diversity jurisdiction. *See* 28 U.S.C. § 1332. As to the Defendant or Defendants that are trusts (it is unclear who Plaintiff named as a Defendant per the Notice of Removal at footnote 1), the notice of removal states:
>
>> The 2020-1R Trust is a New York common law trust, and the 2018 Trust is a New York common law trust. "A trust has the citizenship of its trustee." *Johnson v. Columbia Props. Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006). US Bank is the Trustee of the 2020-1R Trust. National banking associations are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. For purposes of diversity jurisdiction, a national bank is "located" only in the state where it has its designated main office. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306–07 (2006). US Bank is a national banking association whose Articles of Association designate the location of its main office as Cincinnati, Ohio. US Bank and the 2020-1R Trust are therefore citizens of Ohio.
>
> (Doc. 1 at 4).
>
> 　　　Defendants correctly represent the state of the law in the Ninth Circuit in 2006. However, in 2016, the United States Supreme Court decided

> *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378 (2016), which generally holds that a non-traditional trust (under the laws of the state in which it was created), such as a real estate investment trust, takes on the citizenship of all of its beneficiaries/shareholders. The Supreme Court further suggested that the case the Ninth Circuit Court of Appeals relied on in *Johnson*, namely *Navarro Savings Assn. v. Lee*, 446 U.S. 458 (1980), is limited to human trustees suing in their own name. *Id.* at 382-83. ("…*Navarro* reaffirmed a separate rule that when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person. [citation omitted]. This rule coexists with our discussion above that when an artificial entity is sued in its name, it takes the citizenship of each of its members.").
>
> Thus, this Court's preliminary conclusion is that the Colt 2020-1R Mortgage Loan Trust and the Colt 2018-2 Mortgage Loan Trust are the same type of non-traditional trusts as the trust in *Americold*. Therefore, for purposes of diversity jurisdiction, each trust would take on the citizenship of every beneficiary/investor in that trust and not the citizenship of the non-human Trustee. Before the Court remands, the Court will permit Defendants to supplement the notice of removal. In the supplement, Defendants must either explain why *Americold* does not govern this case (which again the Court has already concluded *Americold* likely controls) or identify the citizenship of every beneficiary/shareholder/investor in the Colt 2020-1R Mortgage Loan Trust and the Colt 2018-2 Mortgage Loan Trust.
>
> Based on the foregoing,
>
> **IT IS ORDERED** that Defendants must supplement the notice of removal within 7 days of this Order and cure the jurisdictional issues identified above, or this case will be remanded to state court.

(Doc. 19).

**State Law Predominates**

On May 16, 2023, Plaintiff moved to remand this case to state court. Plaintiff did not discuss *Americold*, but instead basically argued that this Court should abstain from presiding over this case based on diversity jurisdiction and instead remand to "reduce litigation costs and eliminate any need to certify novel state-law issues to the Arizona Supreme Court or speculate how the Arizona Supreme Court would rule on those issues." (Doc. 20 at 3 quoting *Forde v. First Horizon Home Loan Corp.*, CV 10-1922-PHX-MEA (D. Ariz., Dec. 6, 2010) (Doc. 27 at 3) (remanding a case over which the court had diversity jurisdiction to state court)). The problems with the Arizona federal district court being the court of "first-impression" for Arizona real property questions was discussed at length by Mitchell Turbenson in his article: *Negative Implications of State Law Entrenchment in*

*Federal Courts*, 57 Ariz. L. Rev. 849 (2015).  For example, the article discusses that removal can result in forum shopping because of the higher pleading standard in federal court.  *Id.* at 855.  Consistent with the concerns of the article, all five Defendants in this case have moved to dismiss arguing Plaintiff has failed to meet the *federal* pleading standard; yet none of them identify that this case was filed in state court where that standard does not apply, nor that Plaintiff is likely entitled to leave to amend to attempt to meet this higher standard.  *Compare id* at n. 49 and *Cullen v. Auto-Owners Ins.,* 189 P.3d 344, 348 (Ariz. 2008) (en banc) (rejecting a lower court's adoption of the heightened federal pleading standard) with *Missud v. Oakland Coliseum Joint Venture*, No. 12-02967 JCS, 2013 WL 3286193, at *9 (N.D. Cal. June 27, 2013) ("The Ninth Circuit has 'repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.' *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).").  Further, as the article notes, Arizona federal courts have not correctly predicted the how the Arizona Supreme Court will rule when faced with the same issue.  57 Ariz. L. Rev. at 862-63.  Finally, the article recommends an aggressive certified question standard that would result in much more state court involvement in federal diversity cases.  *Id.* at 866-872.  Recognizing these costs to the parties, resultant delays, and inefficiencies, the *Forde* court remanded a novel state law mortgage issue to state court notwithstanding the fact that the court possessed diversity jurisdiction.  CV 10-1922-PHX-MEA (Doc. 27).

In light of the foregoing, Defendants will be required to respond on the merits to the motion to remand and discuss whether the state court is the forum that should consider this case as Plaintiff argues.

***Americold***

The removing Defendants filed the supplemental brief requested by the Court regarding *Americold.*  Citing *Demarest v. HSBC Bank USA, N.A. as Tr. for registered holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE2*, 920 F.3d 1223 (9th Cir. 2019), Defendants argue that *Americold* did virtually nothing to

change the law of this circuit. Specifically, Defendants and the court in *Demarest* placed great weight on whether the plaintiff sued the Trustee or the Trust. The Court agrees that *Americold* discussed the fact that the Trust, not the Trustee, was the named party. However, the Court is skeptical that the Supreme Court intended for federal subject matter jurisdiction to be determined by whether a plaintiff names the Trustee or the Trust. For example, in this case, as discussed above, the Court will likely need to give Plaintiff leave to amend if the Court reaches the merits of the motions to dismiss. If Plaintiff chooses to name the Trust itself in this case, rather than its Trustee, would that impact the way diversity jurisdiction must be determined?

More significantly, in this Court's opinion, the courts in both *Americold* and *Demarest* discussed whether the Trust Defendant was a "traditional" trust under the laws of the state in which the Trust was formed based on the provisions of the Trust itself. In *Americold*, the Court determined it was not a traditional trust under state law. 577 U.S. at 383-84. In *Demarest*, the Court determined it was a traditional trust under state law. *Demarest*, 920 F.3d at 1230.

Here, in the supplement, Defendants state:

> …as stated in the Removal Notice, "[t]he 2020-1R Trust is a New York common law trust, and the 2018 Trust is a New York common law trust." Removal Notice, p. 4. As a common law trust, the 2020 Trust does not have the capacity to sue or be sued in its own name. *See* N.Y. U.C.C. Law § 9-102 cmt. 11 (McKinney 2017) (common law trust must be sued in the name of its trustee); *France v. Thermo Funding Co.*, 989 F. Supp. 2d 287, 299 (S.D.N.Y. 2013).

(Doc. 21 at 5-6). This Court cannot simply accept defense counsel's self-serving conclusion that the Trusts at issue are "common law trusts" to establish federal subject matter jurisdiction. *Americold*, 577 U.S. at 383 ("*Navarro* [does not] limit an entity's membership to its trustees just because the entity happens to call itself a trust."). Indeed, it is clear that the *Demarest* court reviewed the trust document to make the determination on this issue. Moreover, the fact that a trust is a "common law trust" does not answer the question of whether it is a "traditional trust" as those words are used in *Americold*. Thus, within the timelines set forth below, Defendants must provide the Court with a copy of the

trust document and brief what provision of the document makes this Real Estate Investment Trust a "traditional" trust under New York law. This brief must include whether there is a specific statute or statutes in New York that allow for the creation of an "investment" trust in which beneficiaries may purchase shares rather than a grantor trust in which the beneficiaries often receive their beneficial interest in the trust by gift or inheritance from the trust's creator.

**Bankruptcy**

In its supplement, Defendants further argue that Plaintiff should be precluded from moving to remand this case to state court because Plaintiff lacks standing to make such motion. More particularly Defendants argue that since this case was removed to federal court, Plaintiff has filed bankruptcy. And Defendants conclude that only the bankruptcy Trustee can now act in this case. Preliminary, the Court will note that standing is not considered, typically, on a motion by motion basis. Plaintiff either has standing to bring this case, or he does not. Standing for a party in bankruptcy can be complicated. In this case, Plaintiff declared bankruptcy *after* this case was filed.

Generally, causes of action are the property of the bankruptcy estate. *Turner v. Cooke*, 362 F.3d 1219, 1225-26 (9th Cir. 2004); *Cusano v. Klien*, 264 F.3d 936, 945 (9th Cir. 2001). Had Plaintiff filed bankruptcy *before* filing this suit, he would not have standing to bring the suit because 11 U.S.C. § 541 is broad in scope and includes causes of action. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 (1983). The bankruptcy trustee alone has the capacity to sue on behalf of the bankruptcy estate. *In Re Estate of Spirtos*, 443 F.3d 1172, 1176 (9th Cir. 2006) ("[T]he bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate."); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707-09 (9th Cir.1986) (holding that debtor's claim of emotional distress properly belonged to the estate).

It is less clear that if the cause of action is filed *after* the bankruptcy estate is created that only the Trustee can sue. For example, the Fifth Circuit has concluded that if the events that underlie the cause of action occurred before the bankruptcy estate was created,

then the cause of action belongs to the estate. *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) (citations omitted) ("Wieburg filed for bankruptcy after the events giving rise to her discrimination claims had occurred. Therefore, . . . those claims are property of the bankruptcy estate and should have been disclosed in Wieburg's bankruptcy schedules.").

Here, it is unclear when the claim(s) that give rise to this case accrued and/or whether the property that is the subject of the quiet title action is part of the bankruptcy estate. Accordingly, the Court will require Plaintiff to brief this standing issue (factually and legally) within the timeframe set below.

**Conclusion**

**IT IS ORDERED** that Defendants must respond to the motion to remand by May 30, 2023. In that response, Defendants must address the remaining issues regarding *Americold* and *Forde*.

**IT IS FURTHER ORDERED** that Plaintiff must file a reply within 7 days of the response. In the reply, Plaintiff must address standing in light of his bankruptcy filing.

Dated this 24th day of May, 2023.

James A. Teilborg
Senior United States District Judge